IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      :
           :   Case No: 1607005588
           :   In and For Kent County
    v.         :
           :
JOHNNY R. JONES,     :
           :
    Defendant.     :

## **O R D E R**

Defendant has moved to have suppressed the evidence seized, which led to charges of Driving Under the Influence of Alcohol, Resisting Arrest, Driving While License Suspended, Failure to Have Insurance, Failure to Wear a Seatbelt and Failure to Secure Passengers, in the course of a July 7, 2016 incident.

The single issue is whether or not the arresting officer had reasonable suspicion to make a traffic stop based on Defendant's failure to be wearing a seatbelt.

The circumstances commence with Defendant's driving on a through street, past the investigating officer's vehicle, which was stopped on a side street, with his in-car video in operation, placing the police car perpendicular and to the right of passenger's side of Defendant's moving vehicle. At that point, the officer, who has made "hundreds of seatbelt stops," had an undefined suspicion that Defendant was traveling without the benefit of seatbelt usage. Recognizing the inadequacy of such a hunch to make a stop, the officer pulled out behind Defendant, traveling for a fairly short distance. During that activity, the officer, whose in-car video continued to operate throughout the process, concluded that Defendant was, in fact operating his vehicle without wearing a seatbelt. The officer engaged his lights, and followed Defendant for another brief period, when Defendant pulled on to a side street and

stopped. During the entire course, Defendant committed no other traffic violation – speeding, swerving, going over the imaginary center line, equipment failure or anything whatsoever. From the officer's first observation of Defendant's vehicle through the point where Defendant had stopped, the officer had stopped, and the officer walked to the driver's door of Defendant's vehicle, there was utterly no impropriety of driver operation – other, of course, than the suspected seatbelt violation.

As of that time, additionally, the police video (aimed throughout directly at Defendant driving his vehicle) recorded nothing that would provide any support at all for a seatbelt violation. Moreover, when the officer arrived at the front door of Defendant's vehicle, both Defendant and his passenger were wearing seatbelts. Finally, neither the police video nor the arresting officer himself picked up any movement by either Defendant or his passenger, or any vehicle movement, suggesting in any way that either occupant was maneuvering to engage the seatbelt while traveling in front of the officer.

While this matter was not presented or pursued as a pretextual stop, which was appropriate, it is worth noting that, up until the officer's personal contact with Defendant, there was no reasonable suspicion of any underlying criminal (e.g. DUI) activity; and, there was no extant belief of any issue of protection of others from a traffic safety perspective.

Understanding the foregoing, and recognizing that neither the police video nor the posture of the occupants at the time of the stop, nor the immediate reaction of Defendant to the officer's accusation provides any support whatsoever for the

officer's suspicion, the State, nevertheless, takes the position that – ultimately erroneous or not – the police had a reasonable suspicion that the vehicle occupants were not wearing seatbelts in violation of statute. On that basis, the State argues that the stop was legitimate. Both sides agree for these purposes that, if the stop is deemed appropriate, then all further action by the arresting officer would be admissible.

Accordingly, as first indicated, the question here is whether the officer had a reasonable suspicion of a traffic violation, which would justify the stop. Given the testimony provided by the officer, the presence of a suspicion on his part, that Defendant was not utilizing a seatbelt as he traveled in front of the officer, may be accepted. That does not, though, resolve the matter. That suspicion must be reasonable to justify the stop.

Since, as above described, the officer could not make anything above a hunch relative to seatbelt usage when Defendant's vehicle passed in front of the officer, the reasonableness must develop during the time that the officer was following Defendant. To begin with, that was not at all an extensive time. More importantly, no video, no vehicular movement, no in-car activity, and no observation at the stop provides even a hint of support. The officer indicated that, given his prolonged experience, he trusts the impressions he obtains from his own observations more than any of the foregoing. That may be so. It does not, however, given all of the countervailing factors, provide the element of reasonableness necessary to turn the suggestion of a suspicion into a legitimate stop.

For those reasons, the stop is not the result of a reasonable suspicion of a traffic violation. Therefore, the evidence accumulated following that stop must be

3

suppressed.

Defendant's Motion to Suppress any evidence of driving under the influence of alcohol is **GRANTED**.

       **IT IS SO ORDERED**.

                      /s/ Robert B. Young

                             J.

RBY/lmc
oc:    Prothonotary
cc:    Stephen E. Smith, Esquire
        J'Aime L. Walker, Esquire
        Opinion Distribution